UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL HARRISON,

    Plaintiff,

    v.

REBECCA BUITENDORP, et al.,

    Defendants.

CAUSE NO.: 3:18-CV-763-PPS-MGG

OPINION AND ORDER

Daniel Harrison, a prisoner without a lawyer, filed a complaint. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

In the complaint, Harrison alleges that, he was charged with two counts of robbery based on two false probable cause affidavits. Specifically, on May 17, 2017, Detective Kenneth Havlin filed a probable cause affidavit, attesting that Harrison robbed a cellphone store on April 22, 2018. On May 22, 2018, Detective Gregory Radiger filed a probable cause affidavit, attesting that Harrison robbed the same cellphone store on March 19, 2018. In both affidavits, the detectives cited the interview of Brandon Hill,

who admitted to committing the robberies and accused Harrison of assisting him. Harrison seeks money damages and the dismissal of his criminal charges.

Harrison asserts a claim of malicious prosecution against Detective Havlin and Detective Radiger because they did not inform the State court that Hill had been promised that he would not be prosecuted if he provided assistance with the robbery cases and because, on June 20, 2018, Hill drafted an affidavit to recant his accusation of Harrison. Malicious prosecution is a tort recognized under Indiana law, but the Indiana Tort Claim Act does not allow such claims to proceed against governmental employees. *Serino v. Hensley*, 735 F.3d 588, 595 (7th Cir. 2013); Ind. Code. § 34-13-3-3(6).

A claim of malicious prosecution may also be brought under federal law, but this is rarely appropriate because "individuals do not have a federal right not to be summoned into court and prosecuted without probable cause, under either the Fourth Amendment or the Fourteenth Amendment's Procedural Due Process Clause." *Ray v. City of Chicago*, 629 F.3d 660, 664 (7th Cir. 2011). "[T]o state a viable malicious prosecution claim under § 1983, a plaintiff must allege a violation of a particular constitutional right, such as the right to be free from unlawful seizures under the Fourth Amendment, or the right to a fair trial under the Due Process Clause." *Welton v. Anderson*, 770 F.3d 670, 673 (7th Cir. 2014).

The complaint suggests that the criminal charges resulted in Harrison's detention but also suggests that the detention was lawful. "The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause." *Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 918 (2017). The Fourth Amendment also requires "a

2

judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). "Probable cause exists when, based on the facts known, a reasonable person would believe a person was guilty of committing an offense." *Penn v. Harris*, 296 F.3d 573, 576–77 (7th Cir. 2002). Notably, even if the Hill's accusation was omitted from the affidavits, the charge for the March 2018 robbery would still be supported by substantial evidence, including the video recording showing two males in the vehicle used to commit the robbery and the statements of Harrison's girlfriend that this vehicle belonged to her and that she allowed Harrison to borrow the vehicle at the time of the robbery. This evidence is sufficient to establish probable cause to detain Harrison in connection with the March 2018 robbery, and Harrison does not suggest that he did not receive a probable cause hearing. As a result, the complaint indicates that Harrison is not unlawfully detained, and he identifies no other valid constitutional violation. Therefore, the claims against Detective Havlin and Detective Radiger are dismissed.

Harrison further alleges that Prosecutors John M. Espar and Rebecca Buitendorp have not dismissed criminal charges despite the lack of probable of cause. He asserts that the failure to dismiss his criminal charges violates his constitutional rights. However, "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or

evidence. *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003). Therefore, Harrison cannot proceed on a claim for money damages against Prosecutors Espar and Buitendorp.

Nor can Harrison proceed on a claim seeking the dismissal of his criminal charges. The doctrine of abstention prohibits federal courts from staying or enjoining pending State court proceedings except under special circumstances. *Younger v. Harris*, 401 U.S. 37, 43 (1971). This means that "federal courts must abstain from enjoining or otherwise interfering in ongoing state court proceedings that are (1) judicial in nature, (2) involve important state interests, and (3) provide an adequate opportunity to raise the federal claims, as long as (4) no exceptional circumstances exist that would make abstention inappropriate." *Stroman Realty, Inc. v. Martinez*, 505 F.3d 658, 662 (7th Cir. 2007). Because ordering the dismissal of Harrison's State criminal case would interfere with an ongoing State court proceeding, he cannot obtain such relief in federal court. *See Neville v. Cavanagh*, 611 F.2d 673, 676 (7th Cir. 1979); *Barrett v. Scott*, 2016 WL 3661103, at *2 (C.D. Ill. July 5, 2016).

Though the complaint does not state a claim upon which relief can be granted, I will give Harrison the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, merely because he is permitted to file an amended complaint is not a reason for him to do so. Harrison should file an amended complaint only if he believes that he has a meritorious federal claim.

For these reasons, the court:

(1) DIRECTS the clerk to place this cause number on a blank Prisoner Complaint form and send it to Daniel Harrison;

4

(2) GRANTS Daniel Harrison until October 22, 2018, to file an amended complaint;

(3) CAUTIONS Daniel Harrison that, if he does not respond by that deadline, this case will be dismissed without further notice pursuant to 28 U.S.C. § 1915A because the complaint does not state a claim upon which relief can be granted.

SO ORDERED on September 21, 2018.

s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT